UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

ANTHONY L. SCHIAVONE, JR.,                  :        Case No. 05-20841T
    *Debtor(s)*
                                                                  :
--------------------------------------------------------
                                                                   :

ANTHONY L. SCHIAVONE, JR.,                  :
    *Plaintiff(s)*
                                                                   :

    *v.*                                                                       Adv. No. 05-2176

                                                                   :

SOVEREIGN BANK,                              :
    *Defendant(s)*
                                                                   :

## **ORDER**

AND NOW, this 30th day of November, 2005, it is ORDERED that Defendant's motion for summary judgment is GRANTED both on the merits and based upon Plaintiff's failure to defend and JUDGMENT ON THE COMPLAINT IS ENTERED IN FAVOR OF DEFENDANT as the court finds that no genuine issue of material fact exists and Defendant is entitled to judgment on the complaint as a matter of law, see Fed. R. Civ. P. 56, which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7056; Celetox Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).[1]

---

1. Plaintiff filed this complaint against Defendant seeking damages and attorneys' fees under 11 U.S.C. §362(h), alleging that Defendant violated the automatic stay when it caused an attorney to send Plaintiff a post-petition letter on May 27, 2005 seeking to accelerate the balance on a pre-petition secured debt. Thereafter, Defendant filed an answer to the complaint in which it denied having received notice of Plaintiff's bankruptcy filing. On July 20, 2005, Defendant served a Request for Admissions upon Plaintiff in which Defendant requested that Plaintiff admit the following facts:

Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge

>   (1) that Plaintiff "failed to provide notice of [his] bankruptcy filing by not listing [Defendant] in Plaintiff's creditor matrix when [he] filed [his] chapter 13 bankruptcy;"
>   (2) that Plaintiff "failed to provide any written notice to [Defendant] of [his] chapter 13 bankruptcy;"
>   (3) that Plaintiff failed to "provide notice, telephonically or otherwise to [Defendant] or their attorneys Whalen, Doyle & Pressman, LLC, at any point in this case prior to serving the adversary complaint;"
>   (4) that " the May 27, 2005 correspondence caused no injury to the Plaintiff;" and
>   (5) that "Plaintiff incurred no actual damages, other than incurring attorneys fees, which would be compensable under 11 [sic] U.S.C. §362(h)."

When Plaintiff failed to respond to the Request for Admissions, Defendant filed the motion for summary judgment presently before us for disposition as well as an affidavit and a brief in support of its motion. On September 15, 2005, we entered a scheduling Order directing Plaintiff to file a brief in opposition to Defendant's motion for summary judgment within 30 days of the date of the Order.

We begin by noting that Plaintiff has yet to file a brief in opposition to Defendant's motion for summary judgment. This fact, along with the fact that Plaintiff failed to file a Response or Objection to Defendant's Request for Admissions, leads us to conclude that Plaintiff is not opposing Defendant's motion for summary judgment and for this reason alone, we grant Defendant's motion for summary judgment due to Plaintiff's failure to defend.

Moreover, pursuant to Fed. R. Civ. P. 36, which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7036, a matter set forth in a request for admissions is admitted "unless, within thirty days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter... ." Accordingly, Plaintiff must be deemed to admit the facts that he failed to provide notice of his bankruptcy filing to Defendant, that the May 27, 2005 correspondence caused no injury to him and that he incurred no actual damages, other than attorneys' fees, which would be compensable under section 362(h). See Defendant's Request for Admissions, supra. In addition, while Defendant filed an Affidavit in support of its motion for summary judgment, Plaintiff failed to file a Counter-Affidavit in opposition to Defendant's motion. As such, Defendant's Affidavit establishes that Defendant had no notice of Plaintiff's bankruptcy filing when it sent the May 27, 2005 letter to Plaintiff. As it is well established that a violation of the automatic stay must be willful in order to be sanctionable under section 362(h), and that in order to be willful, the party accused of violating the automatic stay must have had knowledge of the debtor's bankruptcy filing, Cuffee v. Atlantic Business and Community Development Corp. (In re Atlantic Business and Community Development Corp., 901 F.2d 325, 329 (3rd Cir. 1990), entry of summary judgment in favor of Defendant is warranted on the merits as well.

2